UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 25-CR-69-KKC

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                                    PLEA AGREEMENT

DEMETRIUS D. GREEN                                                           DEFENDANT

* * * * *

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 21 U.S.C. § 846, conspiracy to distribute Schedule I and II controlled substances; Count 2 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute Schedule I and II controlled substances; and Count 3 of the Indictment, charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon.

2. The essential elements of Count 1 of the Indictment are:

   (a) That two or more persons conspired or agreed to distribute Schedule I and II controlled substances;

   (b) That at some time during the existence of the agreement, the Defendant knew the purpose of the agreement, and then deliberately joined the agreement; and

   (c) That the amount of acetylfentanyl was more than 100 grams; the amount of fentanyl was more than 40 grams; and a mixture or substance containing a detectable amount of cocaine.

3. The essential elements of Count 2 of the Indictment are:

    (a) That the Defendant knowingly and intentionally possessed a mixture or substance containing a detectable amount of acetyfentanyl, a Schedule I controlled substance, fentanyl and cocaine, Schedule II controlled substances, under federal law; and

    (b) That the Defendant intended to distribute the substances to another person; and

    (c) That the amount of acetyfentanyl was 100 grams or more, that the amount of fentanyl was 40 grams or more, and a mixture or substance containing a detectable amount of cocaine.

4. The essential elements of Count 3 of the Indictment are:

    (a) That the Defendant has been convicted of a crime punishable by imprisonment for more than one year;

    (b) That the Defendant, following his conviction, knowingly possessed a firearm;

    (c) That at the time the defendant possessed the firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

    (d) That the firearm crossed a state line prior to the alleged possession.

5. As to the Indictment relating to this Defendant, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

    (a) Beginning in April 2024, detectives with the Lexington Police Department Narcotics Unit began an investigation regarding possible drug activities of one or more persons residing at Sugarbush Trail, in Fayette County, in the Eastern District of Kentucky. From April 2024 through June 2024, detectives conducted surveillance on the residence and observed an individual, who was later identified Demetrius Green, and others, coming and going from the Sugarbush Trail residence. Green, and others, were observed conducting drug transactions at various locations in Fayette County.

(b) Through further investigation and interviews, detectives confirmed that Green and others were distributing fentanyl and that the residence on Sugarbush Trail was the primary location being utilized by Green and others. On June 11, 2024, a state search warrant was obtained for the residence on Sugarbush, 2 known vehicles, Green and another identified conspirator. As officers were preparing to execute the search warrant, a known vehicle was observed leaving the residence and was stopped by a marked unit. Law enforcement surveillance established the location of a Suburban on I-75 near Man-o-War. This vehicle was associated with Green and the residence. Once the vehicle was stopped Green was identified in the vehicle and arrested. During the search of the vehicle and Green, detectives located several items including cell phones, garage door openers to the Sugarbush residence, 7 grams of suspected narcotics, and $25,200 cash.

(c) Evidence authorized by the search warrant and pertaining to the narcotics investigation was located and seized throughout the Sugarbush residence. Evidence seized included: eight firearms, magazines, ammunition, over $16,5000 cash, over 700 grams of suspected fentanyl, cutting agents, a money counter, a press, and other drug trafficking paraphernalia. The residence was leased by a female residing in Nashville, Tn., who Green identified as their "home girl". The residence was sparsely furnished and appeared to be a stash house.

(d) The seized narcotics were submitted to the Kentucky State Police Laboratory for testing and were found to contain 227.840 grams of acetylfentanyl, 211.281 grams of fentanyl, and 125.264 grams of cocaine.

(e) The firearms located in various areas in the residence were identified as:
1. Glock pistol, Model: 48, Caliber: 9x19, Serial Number: AECR779, loaded with ten rounds of ammunition located in a kitchen drawer.
2. Springfield Armory pistol, Model: XD-9 Sub-Compact, Caliber: 9x19, Serial Number: US860753, loaded with five rounds of ammunition located in the master bedroom closet in a Vitamin Shop bag.
3. Glock pistol, Model: 36, Caliber: 45 Auto, Serial Number: BTVA568, loaded with six rounds of ammunition located in a kitchen drawer.
4. Hi-Point pistol, Model: CF380, Caliber: 380 ACP, Serial Number: P856116, loaded with six rounds of ammunition located in the master bedroom closet in a Vitamin Shop.
5. Hi-Point pistol, Model: CF80, Caliber: 380 ACP, Serial Number: P751987, loaded with seven rounds of ammunition, located in the master bedroom closet in a Vitamin Shop bag.

  6. American Tactical rifle, Model: GSG-16, Caliber: 22 LR, Serial Number: A826378, loaded with 22 rounds of ammunition located in the master bedroom closet.

  7. Tokarev shotgun, Model: TBP12, Caliber: 12 GA, Serial Number: 52-H23YB-005398, loaded with five rounds of ammunition located in the master bedroom.

  8. Smith & Wesson revolver, caliber: 22, Serial Number: 59417, loaded with one round of ammunition located in the master bedroom closet in a Vitamin Shop bag.

  (f) ATF examined each of the firearms and determined that each firearm was manufactured outside the Commonwealth of Kentucky and traveled through interstate commerce.

  (g) Green advised officers that he had been to the residence and stayed for a couple of months. He further admitted to the possession of the firearms and that they had been gifts.

  (h) Green admits that he has been convicted of a crime punishable by imprisonment for a term exceeding one year.

  (i) Between April 2024 and June 2024, Green admits that he agreed with one or more persons named in the Indictment to distribute 100 grams or more of a fentanyl analogue, 40 grams of more of fentanyl, and cocaine to other people. He further admits that he knew the substances being sold and possessed were controlled substances.

  6. The statutory punishment for Counts 1 and 2 is imprisonment for not less than 10 years nor more than life, a fine of not more than $10,000,000 and a term of supervised release of at least 5 years. The statutory punishment for Count 3 is imprisonment for not more than 15 years, a fine of not more than $250,000, and a term of supervised release of not more than 5 years. A mandatory special assessment of $100 applies, for a total of $300, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

7. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 5 and all provided discovery materials.

(c) Pursuant to U.S.S.G. § 2D1.1 (a)(5) and (c)(5), the base offense level for Counts 1 and 2 is 30 because the amount of converted drug quantity is at least 1000 KG but less than 3000 KG.

(d) Pursuant to U.S.S.G. § 2D1.1(b)(12), the offense level for Counts 1 and 2 is increased by 2-levels because the defendant maintained a premises for purposes of manufacturing or distributing controlled substances.

(e) Pursuant to U.S.S.G. § 2K2.1(a)(4), the base offense level for Count 3 is 20 because the offense was committed subsequent to the Defendant sustaining a felony conviction of either a crime of violence or a controlled substance offense.

(f) Pursuant to U.S.S.G. § 2K2.1(b)(1)(B), the offense level for Count 3 is increased by 4-levels because the offense involved 8 to 24 firearms.

(g) Pursuant to U.S.S.G. § 2K2.1(b)(6)(B), the offense level for Count 3 is increased by 4-levels because the firearm was used or possessed in connection with another felony offense.

(h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

10. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the higher of the advisory sentencing guidelines range as determined by the Court at sentencing or the statutory minimum sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment and any other property seized as part of the criminal investigation. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and criminal violations, including the offenses to which he is pleading guilty as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to

file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or timing of forfeiture orders. The Defendant also waives his right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

12. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation and the Defendant's arrest, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

13. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place

within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit

reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

15. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

16. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

17. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

18. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 1.23.26    By: _____
Cynthia T. Rieker
Assistant United States Attorney

Date: 1-22-26    _____
Demetrius Green
Defendant

9

Date: 1/23/26

_____
Phillip Lawson
Attorney for Defendant